IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOSHUA D. RITTER,                )
                                 )
        Plaintiff,               )
                                 )
v.                               ) Case No. CIV-19-120-KEW
                                 )
COMMISSIONER OF SOCIAL           )
SECURITY ADMINISTRATION,         )
                                 )
        Defendant.               )

**OPINION AND ORDER**

Plaintiff Joshua D. Ritter (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner=s decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 33 years old at the time of the ALJ's decision.  Claimant completed his high school education.  Claimant has worked

in the past as a roustabout and dry laborer. Claimant alleges an inability to work beginning April 1, 2016 due to limitations resulting from scoliosis, depression, stress, asthma, attention deficit hyperactivity disorder ("ADHD"), and the removal of his left big toe.

## Procedural History

On November 8, 2016, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. ' 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 7, 2018, Administrative Law Judge ("ALJ") J. Leland Bentley conducted a hearing in McAlester, Oklahoma. On June 14, 2018, the ALJ entered an unfavorable decision. On February 14, 2019, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

4

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) his step five analysis; (2) violating agency policy at step five by determining jobs exist in "significant numbers" in the national economy which Claimant could perform; and (3) his determination that the extent to which the intensity, persistence, and limiting effects of Claimant's symptoms affect his ability to perform work-related activities.

**Step Five Evaluation**

In his decision, the ALJ determined Claimant suffered from the severe impairments of major depressive disorder, cannabis use disorder, somatic symptom disorder (pain presentation), lumbago severe scoliosis with Harrington rode placement, amputation of the left great toe, and asthma. (Tr. 18). The ALJ concluded Claimant could perform light work except he must avoid concentrated exposure to dust, fumes, and poorly ventilated areas. He was able to understand, remember, and apply simple instructions and concentrate and persist for extended periods in order to complete simple work tasks with routine supervision. Claimant was limited to standing and/or walking for two hours in an eight hour workday due to issues with pain. He was able to maintain superficial work

relationships with others, respond appropriately to supervision, and adapt to a work environment in which changes are introduced gradually and with adequate demonstration. (Tr. 20).

After consulting with a vocational expert, the ALJ concluded Claimant was capable of performing the representative jobs of touch up screener, document preparer, and semi-conductor bonder. (Tr. 24). As a result, the ALJ concluded Claimant was not under a disability since November 8, 2016 through the date of the application. (Tr. 25).

Claimant contends the ALJ erred at step five in findings he could perform jobs which exceeded the limitations provided in the RFC. The job of document preparer (or document specialist) identified by the vocational expert has a reasoning level of R3. DOT #249.587-018. Level-three reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *See* DOT app. C, Components of the Definition Trailer, 1991 WL 688702. The Tenth Circuit has stated that a level-three reasoning requirement "seems inconsistent" with an RFC limited to simple and routine tasks. Hackett v. Barnhart,

6

395 F.3d 1168, 1176 (10th Cir. 2005); see also Pritchett v. Astrue, 220 Fed.Appx. 790, 793 (10th Cir. 2007) (finding that an RFC limiting a claimant to simple, repetitive, and routine tasks appeared inconsistent with jobs requiring a reasoning level of three and remanding the case to allow the ALJ to address the apparent conflict); Garcia v. Barnhart, 188 Fed.Appx. 760, 767 (10th Cir. 2006) (identifying a conflict between level-three reasoning and a limitation to routine, repetitive, and simple tasks). The vocational expert testified that her testimony was consistent with the DOT. (Tr. 51). That does not appear to be the case. Neither the vocational expert nor the ALJ offered explanation for this deviation from the DOT. While the Commissioner recognizes a conflict within the various panels of the Tenth Circuit on the issue of whether a vocational expert may rely upon the SVP to determine the complexity of a particular job or whether the reasoning level should determine the appropriate level of activity in comparison to the RFC. This Court has consistently followed the only published opinion on the matter - the Hackett case - to arrive at the conclusion that the reasoning level must be consistent with the level of work established by the ALJ in the RFC or the vocational expert must explain the basis for

7

any discrepancy.  As a result, the ALJ's reliance upon the document preparer job at step five is unsupported.

With the remaining two jobs identified by the ALJ, Claimant contends the ALJ did not take into consideration that his moderate limitation in concentration, persistence, and pace caused by his pain would eliminate these jobs as well.  In supporting the existence of this limitation, Claimant cites to the portion of the ALJ's decision discussing step three wherein the ALJ found Claimant had moderate limitations in concentration, persistence, or maintaining pace based upon his testimony.  (Tr. 19).  The Social Security Ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."  Soc. Sec. R. 96-8p.  The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013).

The court also declined the claimant's invitation to read Franz v. Astrue, 509 F.3d 1299, 1303 n.3 (10th Cir. 2007) as

8

"requiring an ALJ's RFC assessment to mirror his step three-findings," finding such language as "dicta." Id. at 754 n.3. Claimant's citation to the Franz case does not aid in his argument. Claimant also cites to the case of Wells v. Colvin, 727 F.3d 1061, 1065 n.3 (10th Cir. 2013) in support of his argument that the paragraph B criteria limitations must be included in the hypothetical questions posed to the vocational expert. The footnote simply does not state this position. The court found a mild restriction should have been considered at step two and subsequent steps. It does not require or even suggest the inclusion of the restrictions in the questioning of the vocational expert.

Claimant also contends that the restriction to sedentary work did not sufficiently account for his pain arising from kyphoscoliosis. The ALJ tracked Claimant's complaints of pain throughout the treatment record and accurately recounted that Claimant reported that his medication was effective. (Tr. 21-22). Moreover, although Claimant states that a sit/stand option and a requirement for additional work breaks should have been included in the hypothetical questioning of the vocational expert, he does not direct this Court to any functional evaluation in the record

9

which suggests these limitations. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. Claimant only cites to his own Adult Function Report to support the additional restrictions. Since the ALJ discounted Claimant's credibility and no other such restriction is found in the record, the ALJ did not err in failing to include the additional restrictions suggested by Claimant.

### Step Five "Significant Numbers" Requirement

Claimant contends that the remaining jobs of touch up screener and bonder do not exist in sufficient numbers to support a finding that Claimant could perform the jobs. The vocational expert

10

testified that 40,000 of the touch up screener jobs were available nationally and 21,000 of the semi-conductor bonder jobs were available nationally. (Tr. 50-51). "[T]the number of jobs that contributes to the 'significant number of jobs' standard looks to the national economy—not just a local area." Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009)(citation omitted). The Tenth Circuit in Trimiar v. Sullivan, 966 F.2d 1326 (10th Cir. 1992) established that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." Trimiar at 1330. Rather, an ALJ must explicitly set forth a discussion of the factors identified above in determining that the number of jobs a claimant can do exist in significant numbers and an ALJ's finding is sufficient if the record supports a conclusion that the ALJ used a common sense approach in "weighing the statutory language as applied to a particular claimant's factual situation." Johnson v. Colvin, 2014 WL 4215557, 3 (W.D. Okla.). As this Court has ruled in the past, given the imprecise nature of this analysis, this Court is unwilling to find that 61,000 represents an insignificant number of jobs. *See*, Rogers v. Astrue, 2009 WL 368386, 4 (10th Cir.)(testimony by vocational

11

expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability). Claimant's attempt to place mathematical certainty on the required number of jobs to represent "significant numbers" by extrapolating the numbers found in the Raymond and Stokes v. Astrue, 274 Fed. Appx. 675 (10th Cir. 2008) cases is expressly rejected. Since at least one job exists in sufficient numbers which is not in conflict with the DOT, the ALJ had substantial evidence to support his step five determination.

## Evaluation of Subjective Claims

Claimant contends that the ALJ's assessment of his subjective statements was not supported by substantial evidence. The ALJ cited to the medical record in considerable detail to conclude that the testing was largely normal and his pain control medication was effective. (Tr. 21-23). The record indicated Claimant had a normal gait with normal strength and tone. He did not need an assistive device. (Tr. 256). The state agency consultants found Claimant could perform medium work. (Tr. 61-62, 75-76). The ALJ evaluated Claimant's statements of limitation but concluded the medical evidence did not support the level of restriction urged by Claimant. (Tr. 21-23).

12

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.  While the term "credibility"

13

has been eliminated from the regulations, the evaluation criteria of a claimant's subjective statements have essentially not changed.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Claimant suggests that the ALJ was required to comment on each factor of the credibility analysis. This is simply not required. The ALJ relied upon appropriate factors in evaluating Claimant's statements. Objective medical testing, opinion evidence, the effectiveness of treatment, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of reliability of Claimant's subjective statements.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42

U.S.C. ' 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 28th day of September, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE